UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Maria Bernadette Pesce, | ) | C/A: No: |
| | ) | |
| | ) | |
| Plaintiff, | ) | Complaint |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Town of Surfside Beach, William Mickle, | ) | |
| John Doe 1, and John Doe 2 | ) | |
| | ) | |
| Defendants. | ) | |

1. Plaintiff Maria Bernadette Pesce ("Pesce" or "Plaintiff") is a citizen and resident of Surfside Beach, South Carolina.

2. Plaintiff is a wildlife advocate, documentarian, and public critic of the Town of Surfside Beach's refusal to enforce federal and state migratory bird protection laws. She has built a substantial social media following by educating the public about those protections and by holding the Town publicly accountable for its failure to enforce them.

3. Defendant Town of Surfside Beach ("the Town") is a municipal corporation organized under the laws of the State of South Carolina. It operates within Horry County, South Carolina, and is responsible for the acts and omissions of its employees, including members of the Surfside Beach Police Department.

4. Defendant William Mickle ("Chief Mickle") is the Chief of Police of the Surfside Beach Police Department. As Chief of Police, Mickle is a final policymaker for the Town with respect to all law enforcement policies and practices. He is sued in both his individual

and official capacities. At all times relevant to this Complaint he was acting under color of state law.

5. Chief Mickle personally signed and directed delivery of the April 6, 2026 cease-and-desist letter directed to Plaintiff. Upon information and belief, he is a resident of Horry County, South Carolina.

6. Defendant Officer John Doe 1 ("Doe 1") is a police officer employed by the Surfside Beach Police Department whose true name is presently unknown to Plaintiff. He is sued in both his individual and official capacities. He personally participated in serving the cease-and-desist letter upon Plaintiff. At all relevant times, he acted under color of state law within the course and scope of his employment. Upon information and belief, Doe 1 is a resident of South Carolina.

7. Defendant Officer John Doe 2 ("Doe 2") is a police officer employed by the Surfside Beach Police Department whose true name is presently unknown to Plaintiff's counsel. However, he identified himself as Duckworth. He is sued in both his individual and official capacities. Doe 2 personally and explicitly threatened Plaintiff with arrest if she returned to the street with her camera. At all relevant times, he acted under color of state law within the course and scope of his employment. Upon information and belief, Doe 2 is a resident of South Carolina.

8. This action arises under 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, the Migratory Bird Treaty Act, 16 U.S.C. § 703, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

10. Venue is proper in the Florence Division of this Court pursuant to 28 U.S.C. § 1391(b). All events giving rise to this action occurred in Horry County, South Carolina, and one or more Defendants reside in Horry County, South Carolina.

## FACTS

11. For several years, Plaintiff has been a dedicated advocate for the Canada geese of Surfside Beach, South Carolina. Her advocacy serves two interrelated purposes: educating the public about the legal protections afforded to migratory birds, and holding the Town of Surfside Beach publicly accountable for its failure to enforce those protections.

12. Plaintiff has cultivated a substantial social media following through this work. Her platform features documentation of geese in their natural habitat, educational content about applicable federal and state law, and direct, pointed criticism of the Town's non-enforcement policies.

13. Canada geese are migratory birds protected under the Migratory Bird Treaty Act ("MBTA"), 16 U.S.C. § 703(a), which makes it unlawful, at any time and by any means, to pursue, hunt, take, capture, or kill any migratory bird.

14. The implementing regulations define "take" to mean "pursue, hunt, shoot, wound, kill, trap, capture, or collect, or attempt" to do any of the same. 50 C.F.R. § 10.12.

15. The State of South Carolina has incorporated the MBTA's protections by reference. S.C. Code Ann. § 50-11-10.

16. Surfside Beach Code § 3-53(a) independently prohibits taking, trapping, hunting, or shooting any bird or wild fowl within the Town, subject to limited exceptions that must be exercised in a manner consistent with state and federal law.

17. Upon information and belief, Town officials and employees have communicated to private citizens — contrary to federal and state law — that Canada geese may be chased, dispersed, or otherwise harassed without legal consequence. Upon information and belief, the Town has actively acquiesced in and encouraged such conduct, resulting in repeated pursuit and disturbance of migratory birds in violation of 16 U.S.C. § 703 and 50 C.F.R. § 10.12.

18. It is precisely this conduct — the chasing of geese, and the Town's deliberate indifference to it — that Plaintiff has been documenting and criticizing. And it is precisely this documentation that Defendants sought to suppress.

19. Surfside Beach Code § 12-21(b) establishes a "clear zone" defined as the first three feet from the edge of the roadway. Nothing in § 12-21 prohibits pedestrians from walking within that zone. Walking within three feet of the roadway is expressly contemplated and lawful under that provision.

20. On or about April 3, 2026, Plaintiff was lawfully present on the public street adjacent to 101 Harbor Lights Drive, Surfside Beach, South Carolina. She was walking within three feet of the roadway, consistent with § 12-21. She was filming Canada geese and documenting the interaction between the geese and private individuals, for purposes of her public advocacy.

21. On April 6, 2026, Plaintiff again engaged in the same lawful activity at the same location.

22. At no point was Plaintiff trespassing. At no point was she obstructing traffic, creating a public nuisance, or violating any provision of the Surfside Beach Code or any state or federal statute.

4

23. After a neighboring resident complained, officers of the Surfside Beach Police Department responded to Plaintiff's lawful presence and filming activities.

24. On April 6, 2026, pursuant to the direction and authorization of Chief of Police William Mickle, Doe 1 and Doe 2 delivered to Plaintiff a formal cease-and-desist letter bearing Chief Mickle's signature. That letter directed Plaintiff to immediately cease all photography or videography directed at 101 Harbor Lights Drive, to refrain from maintaining a presence near the residence, and to cease all contact directed toward the resident.

25. The cease-and-desist letter characterized Plaintiff's photography from a public street as "harassment" under S.C. Code Ann. § 16-3-1700(A), despite the fact that filming from a public location on a matter of public concern is activity protected by the First Amendment to the United States Constitution.

26. The letter warned that continued conduct "may result in criminal charges."

27. The cease-and-desist letter did not end there. Doe 1 indicated that if she continued to do what she was doing she would be arrested. Additionally, Doe 2 made an explicit, direct verbal threat to Plaintiff: if she returned videotaping, she would be arrested.

28. That threat was not based on any statute. It was not based on any ordinance. No warrant had been issued. The threat was made without lawful authority, for the sole purpose of suppressing Plaintiff's constitutionally protected expressive activities.

29. Chief Mickle, as the final policymaker for the Town's law enforcement operations, personally directed the cease-and-desist letter and, upon information and belief, authorized or ratified the arrest threat made by Doe 1 and Doe 2. Both actions therefore constitute official Town policy.

30. The combination of the formal cease-and-desist letter and the explicit arrest threat has had a severe and concrete chilling effect on Plaintiff's First Amendment activities.

31. Following these events, Plaintiff has limited herself from some of her activities. She intends to fully resume her advocacy as soon as she is assured of her right to do so without facing unconstitutional arrest.

32. The harm is ongoing. Every day the threat of arrest remains operative, Plaintiff's First Amendment rights remain suppressed.

33. Plaintiff is informed and believes that she is entitled to the relief sought below based on the violation of her rights and the Defendants inappropriate application of the law.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983 – First Amendment Violation – Prior Restraint and Retaliation)**
**(Against All Defendants)**

34. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

35. The First Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, prohibits any governmental action abridging the freedom of speech or of the press.

36. Filming matters of public concern from a public location is protected speech and press activity under the First Amendment. The right to film is particularly robust when the subject is governmental conduct — or, as here, governmental inaction and the private conduct it enables.

37. Plaintiff's advocacy — filming, publishing, and publicly criticizing the Town's failure to enforce federal migratory bird law — constitutes protected speech on a matter of significant public concern. Such speech occupies the highest rung of First Amendment protection.

38. Defendants, acting under color of state law, suppressed Plaintiff's protected speech by delivering a formal cease-and-desist letter characterizing her lawful filming as criminal conduct and by explicitly threatening her with arrest if she returned to a public street with her camera.

39. Defendants' conduct constitutes a prior restraint on Plaintiff's speech. Prior restraints are "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976). A prior restraint based on an ad hoc officer directive — with no statutory authorization and no judicial order — is unconstitutional on its face.

40. Defendants' conduct further constitutes viewpoint discrimination. The impetus for police action was not unlawful conduct by Plaintiff, but a neighbor's complaint about advocacy that was critical of the neighbor's conduct and critical of the Town's non-enforcement of federal law. Suppressing speech because of its critical viewpoint toward government is the paradigmatic First Amendment violation.

41. Arresting a person based on speech that questions or opposes police action violates the First Amendment. The same principle forecloses threatening to arrest a person for engaging in documented criticism of government non-enforcement.

42. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the suppression of her protected speech, loss of expressive opportunity, loss of advocacy platform, and significant emotional distress.

43. Plaintiff is entitled to an injunction prohibiting Defendants from arresting, threatening to arrest, or otherwise interfering with her exercise of First Amendment rights in public

spaces, including her right to film matters of public concern from public locations in Surfside Beach.

44. Plaintiff is informed and believes that that she is entitled to an injunction under 42 U.S.C. §1983.

45. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorney's fees and costs.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Monell Municipal Liability)**
**(Against Defendant Town of Surfside Beach and Chief Mickle in His Official Capacity)**

46. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

47. Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality is liable under § 1983 when an official policy, custom, or practice is the moving force behind a constitutional violation.

48. Chief Mickle is a final policymaker for the Town of Surfside Beach with respect to law enforcement practices. His acts constitute official Town policy.

49. Chief Mickle personally signed and directed delivery of the cease-and-desist letter that formed the first component of the unconstitutional prior restraint imposed upon Plaintiff. His personal involvement, in his capacity as final policymaker, is itself sufficient to establish municipal liability.

50. Upon information and belief, the Town of Surfside Beach maintains a policy or custom of deploying law enforcement authority — including cease-and-desist letters and arrest threats — to suppress citizens who publicly criticize Town policies or document conduct that reflects poorly on Town officials or residents. This policy is the moving force behind the violations alleged herein.

51. Plaintiff is entitled to declaratory relief, injunctive relief against the Town.

8

54. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorney's fees and costs.

**THIRD CAUSE OF ACTION**
**(Declaratory Judgment – First Amendment Right to Film in Public and Right to Walk on Public Streets)**
**(28 U.S.C. § 2201; 42 U.S.C. § 1983; S.C. Code 15-13-10, et. seq. – Against All Defendants)**

55. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

56. An actual and justiciable controversy exists between Plaintiff and Defendants regarding whether Plaintiff has a First Amendment right to film Canada geese and related activity from public streets in Surfside Beach and to publish and disseminate that footage as part of her public advocacy.

57. A separate, concrete controversy exists regarding whether Plaintiff's presence on or near public roadways in Surfside Beach — specifically, walking within three feet of the roadway as authorized by § 12-21 — is lawful and may not be made the basis for a police order to cease and desist or a threat of arrest.

58. Defendants have taken the position, through the cease-and-desist letter and through Doe 2's explicit arrest threat, that Plaintiff's filming and walking activities constitute criminal conduct subject to arrest.

59. Plaintiff takes the position, supported by settled constitutional and statutory authority, that filming matters of public concern from a public location is protected First Amendment activity, and that walking within the lawfully established limits of a public right-of-way cannot be criminalized absent express statutory authority — which does not exist here.

60. Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring: (a) that Plaintiff's filming of Canada geese and related conduct from public streets in Surfside Beach is constitutionally protected speech and press activity; (b) that Plaintiff's

9

presence and walking on the public right-of-way, within three feet of the roadway as authorized by Surfside Beach Code § 12-21, is lawful; and (c) that Defendants may not arrest, threaten to arrest, or otherwise interfere with Plaintiff's exercise of those rights.

61. Plaintiff also is entitled to declaratory relief under the South Carolina Uniform Declaratory Judgment Act.

**FOURTH CAUSE OF ACTION**
**(Declaratory Judgment – Migratory Bird Treaty Act)**
**(28 U.S.C. § 2201, S.C. Code 15-13-10, et. seq.  – Against Town of Surfside Beach)**

62. Plaintiff incorporates by reference all prior paragraphs as if fully set forth herein.

63. An actual and justiciable controversy exists between Plaintiff and the Town of Surfside Beach regarding whether the conduct of Town employees and private citizens — in chasing, pursuing, and dispersing Canada geese within Town limits, with the Town's acquiescence, encouragement, and failure to enforce — constitutes an unlawful "take" under the Migratory Bird Treaty Act, 16 U.S.C. § 703, and its implementing regulations at 50 C.F.R. § 10.12.

64. The MBTA makes it unlawful, by any means, to "pursue" any migratory bird. 16 U.S.C. § 703(a). The implementing regulations confirm that "take" includes "pursue" and any attempt to pursue. 50 C.F.R. § 10.12.

65. Canada geese are migratory birds that fall within the express protections of the MBTA by virtue of their inclusion in the conventions between the United States and Great Britain and other signatory nations referenced in § 703(a).

66. Upon information and belief, Town employees and private citizens, acting at the direction of or with the acquiescence of the Town, have repeatedly chased, dispersed, and pursued

10

Canada geese within the Town limits. This conduct constitutes "pursuit" — and therefore an unlawful "take" — under 16 U.S.C. § 703 and 50 C.F.R. § 10.12.

67. The Town has taken the position, through its officials' communications to private citizens and through its non-enforcement policy, that such conduct is permissible or authorized under Surfside Beach Code § 3-53(a). That interpretation is legally incorrect. Section 3-53(a) itself requires that any authorized action be taken "in a manner consistent with state and federal laws concerning the protection of birds." It does not authorize citizen-driven pursuit of migratory birds.

68. Plaintiff has a direct and concrete stake in the resolution of this controversy. She regularly observes, photographs, and films Canada geese at specific locations in Surfside Beach. She derives significant aesthetic, recreational, and expressive value from those activities. The Town's acquiescence in repeated pursuit and disturbance of these birds directly injures those interests by altering the birds' behavior, disrupting their presence, and undermining the efficacy of Plaintiff's advocacy.

69. Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that the chasing, pursuing, or dispersing of Canada geese within the Town of Surfside Beach, by Town employees or by private citizens with the Town's acquiescence, constitutes an unlawful "take" in violation of 16 U.S.C. § 703 and 50 C.F.R. § 10.12. Plaintiff is also entitled to declaratory relief pursuant to the South Carolina Uniform Declaratory Judgment Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria Bernadette Pesce prays this Honorable Court enter judgment in her favor and grant the following relief:

11

a.     A preliminary and permanent injunction prohibiting Defendants, their officers, agents, and employees from arresting, threatening to arrest, or otherwise interfering with Plaintiff's right to film matters of public concern from public locations within the Town of Surfside Beach;

b.     A declaratory judgment that Plaintiff's filming of Canada geese and related advocacy from public streets in Surfside Beach is protected by the First Amendment to the United States Constitution;

c.     A declaratory judgment that Plaintiff's presence and walking on the public right-of-way within three feet of the roadway, as authorized by Surfside Beach Code § 12-21, is lawful and cannot be made the basis for a cease-and-desist order or a threat of arrest;

d.     A declaratory judgment that the chasing, pursuing, or dispersing of Canada geese within the Town of Surfside Beach, whether by Town employees or by private citizens with the Town's acquiescence or encouragement, constitutes an unlawful "take" in violation of the Migratory Bird Treaty Act, 16 U.S.C. § 703, and 50 C.F.R. § 10.12;

g.     A judgment for attorney's fees and costs pursuant to 42 U.S.C. § 1988;

h.     A trial by jury on all issues so triable; and

i.     Such other and further relief as this Court deems just and proper.

(signature page follows)

12

Respectfully Submitted,


_____s/ Tristan Shaffer_____
Tristan M. Shaffer (Fed. ID 11475)
tristan@gotaxelrod.com

Stuart M. Axelrod (Fed. ID 7072)
stuart@gotaxelrod.com

**Axelrod & Associates, PA**
4701 Oleander Drive
Myrtle Beach, SC  29577
(o) 843-916-9300
Attorneys for Plaintiff

April 16, 2026